Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | DAVID H. COAR | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4246 | **DATE** | July 13, 2010 |
| **CASE TITLE** | Michael J. Kozeluh v. DuPage County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) limited to a single claim. Failure to submit an amended complaint within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**       **Docketing to mail notices.**

## STATEMENT

Plaintiff, Michael Kozeluh, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff sues the Glen Ellyn Police Department for false arrest, and the DuPage County Jail for failing to protect him from an attack by fellow inmates.

Plaintiff must submit an amended complaint, as the document on file is unacceptable. First, the complaint contains misjoined claims and Defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit admonished the district court for permitting a plaintiff to join numerous defendants, and numerous distinct claims, in a single suit. *George*, 507 F.3d at 607. As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief ... may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different Defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-Defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

In the case at bar, Plaintiff is attempting to sue Glen Ellyn police for false arrest, and the DuPage County Jail for failing to prevent an assault. Plaintiff's complaint containing unrelated claims and Defendants cannot stand. *Id.* at 606. Plaintiff must choose to pursue either his false arrest claim against the police or his conditions claim against jail officials under this case number. Plaintiff must file a separate lawsuit in connection with his other claim.

In addition, the amended complaint must name the individuals who allegedly violated Plaintiff's constitutional rights. Neither the DuPage Police Department, *Cullen v. DuPage County, Illinois*, No. 99 C 1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999) (Bucklo, J.), nor the Glen Ellyn Police Department is a suable entity. *See, e.g., Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001). Plaintiff must identify the persons personally and directly responsible for the matters about which he complains.

Furthermore, Plaintiff must set forth the basic facts underlying the claim he chooses to pursue. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)).

With regard to his claims of false arrest and false imprisonment, Plaintiff states only that he was arrested and prosecuted twice but found not guilty both times. However, an acquittal does not, by itself, support a claim of false arrest. To succeed on a false arrest claim, Plaintiff must prove that the police arrested him without probable cause. *Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996). "Probable cause is a 'commonsense determination, measured under a reasonableness standard.' " *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999) (*quoting Tangwall v. Stuckey*, 135 F.3d 510, 519 (7th Cir. 1998)). A police officer has probable cause to arrest if the totality of the facts and circumstances known to a reasonable arresting officer would support the belief that the suspect has committed or is committing a crime. *Driebel v. City of Milwaukee*, 298 F.3d 622, 643 (7th Cir. 2002) (*citing Marshall ex rel. Gossens v. Teske*, 284 F.3d 765, 770 (7th Cir. 2002); *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000)). "The court must consider the facts as they would have reasonably appeared to the arresting officer 'seeing what he saw, hearing what he heard' at the time of the incident." *Id.* (*quoting Richardson v. Bonds*, 860 F.2d 1427, 1431 (7th Cir.1988)). It is not enough simply to assert, without supporting facts, that Plaintiff was falsely arrested.

With respect to Plaintiff's claim against the DuPage County Jail, he is advised that he has articulated no cause of action against DuPage County Jail officials for wrongful imprisonment. The Illinois County Jail Act, 730 ILCS § 125/4, requires a jail to "receive and confine in such jail, until discharged by due course of law, all persons committed to such jail by any competent authority." The DuPage County Department of Corrections acts as a custodian of pretrial detainees and cannot release them without a court order. *See Perez-Garcia v. Village of*
**(CONTINUED)**

| STATEMENT (continued) |
|---|

*Mundelein*, 2005 WL 991783 (N.D. Ill.) (Conlon, J.), *citing Weinmann v. County of Kane*, 150 Ill. App. 3d 962, 104 Ill. Dec. 110, 502 N.E.2d 373 (2nd Dist. 1986). Even though Plaintiff was eventually acquitted of the charges against him, the DuPage County Department of Corrections was required by law to detain him pending trial unless Plaintiff posted the required bond.

  Plaintiff additionally asserts that he was "jump[ed] on" while confined at the jail. If Plaintiff wishes to sue correctional officials in federal court over that attack, he must state facts showing that Defendants acted with deliberate indifference to a substantial risk of serious harm. *See, e.g., Grievson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). Correctional officials would be liable under the Fourteenth Amendment only if Plaintiff can satisfy both the objective prong (an obviously serious risk of attack) and the subjective prong (officials knew of the substantial risk, but refused to take any steps to protect Plaintiff). *See, e.g., Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). If Plaintiff is intending to sue correctional officials for negligence, he must do so in state court.

  Plaintiff is granted thirty days from the date of this order to submit an amended complaint on the Court's required form. The amended complaint must be limited to a single basic claim. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

  The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply by within thirty days, the case will be summarily dismissed, on the understanding that Plaintiff does not wish to pursue his claims at this time.